IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN SAS,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>vs.<br><br>RESURGENCE LEGAL GROUP, PC<br>and PALISADES COLLECTIONS, LLC,<br><br>Defendants. | Jury Demanded<br><br>Case No. |

# COMPLAINT-CLASS ACTION

## INTRODUCTION

Plaintiff, Ioan Sas, brings this action to secure redress for unlawful collection practices engaged in by Defendants Resurgence Legal Group, PC and Palisades Collections, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by Plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

3. Plaintiff Ioan Sas ("Plaintiff") is an individual and natural person who resides in the Northern District of Illinois.

4. Defendant Resurgence Legal Group, PC ("Resurgence"), is a foreign LLC that is engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). Resurgence is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect defaulted debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of defaulted consumer debts by the mailing of written communications to, and telephone communications with, consumers which are alleged to owe such defaulted debts.

5. Resurgence collects debts on behalf of purchasers of defaulted consumer debts, such as Palisades Collections, LLC in this case, via litigation, via the mailing of collection letters, and via telephone communications made to alleged debtors, all made in connection with the collection of the alleged debts they attempt to collect.

6. Resurgence maintains a website, www.resurgencelegal.com, which reads in part as follows:

**RESURGENCE LEGAL GROUP**

**Since its inception in 2001, Resurgence Legal Group has grown to become a leading regional law firm specializing in consumer debt collection. Resurgence works with clients that have business in Illinois, Wisconsin, Minnesota, and California to collect receivables using a proprietary litigation-centric collection model.**

7. Resurgence is a law firm that collects defaulted consumer debts, including via litigation.

8. Palisades Collections, LLC ("Palisades") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because its principal purpose is the collection of defaulted consumer debts.

9. Palisades buys defaulted consumer debts for pennies on the dollar and attempts to collect the same via placing said debts with law firms, which file suit to collect the defaulted consumer debts.

10. Palisades hired Resurgence to collect the alleged debt.

## FACTS

11. On December 27, 2005, a judgment was entered against Plaintiff, in favor of Palisades, in the case titled *Palisades Collection, LLC v. Ioan Sas*, Case No. 2004-M1-162756, filed in the Cook County Circuit Court ("State Action").

12. In the State Action complaint, Palisades asserts that it purchased the alleged debt that was originated with Bank One, in connection with a personal, non-business credit card account or line of credit extended to and utilized by Plaintiff, where Plaintiff was asserted to have defaulted on said credit card account or line of credit.

13. The obligation upon which Plaintiff was alleged to have defaulted stemmed from purchases of goods and services intended and used for family, household, and personal non-business purposes ("alleged debt"). The obligation is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

14. On or around February 28, 2018, Resurgence mailed a letter to Plaintiff on behalf of Palisades ("Letter") in connection with the collection of the alleged debt. (Exhibit A, Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number, the identity of the alleged creditor, and a current balance alleged as being due from Plaintiff.

16. The Letter is a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter reads that the "Current Creditor" is "Palisades Collections, LLC". (Exhibit A, Letter).

18. The Letter states "Please be advised that we have been engaged by Palisades Collections, LLC to collect its account with you in the amount of $7889.93". (Exhibit A, Letter).

19. Plaintiff thereafter contacted an attorney, Mario Kasalo, to help him identify the alleged debt, as he did not recognize it.

20. After researching the alleged debt, attorney Kasalo found that the alleged debt referenced in the Letter was not an "account" at all, but rather consisted of a judgment that was entered against Plaintiff in 2005, described *supra*.

21. The "account" referenced by Resurgence does not exist.

22. Resurgence's reference to an "account" with respect to the alleged debt would be confusing to an unsophisticated consumer, as an account cannot be a judgment, and vice versa.

23. Specifically, with the entry of the judgment, the "account" merged into the judgment and ceased to exist. The only rights Palisades had were governed by the judgment. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, ¶ 36, 30 N.E.3d 611 (rate of interest applicable after a judgment is the statutory judgment rate, not

the contract rate, because contract "merges into the judgment and eliminates the contract, and therefore the judgment is controlled by statute, not the contract.").

24. Resurgence claims that it had been engaged by Palisades to collect its "account" in the amount of $7889.93

25. Such a claim is untrue, because an "account" no longer existed; there was only a "judgment." An "account" is a "detailed statement of the mutual demands in the nature of debit and credit between parties, arising out of contracts or some fiduciary relation." (Blacks Law Dictionary, 5th ed., "account"). It does not include a "judgment." *In re Foy* , 469 B.R. 209, 214 (Bkcy., E.D. Pa. 2012) ("Because the Judgment was entered on July 14, 2010, the Accounts ceased to exist as of that date. Therefore, this Court finds that Chase's assignment of the Accounts after July 14, 2010, without reference to the Judgment constitutes a legal nullity."); 810 ILCS 5/9-109(a)(3), (d)(9) (Article 9 of the Uniform Commercial Code applies to assignments of accounts, defined in 810 ILCS 5/9-102(a)(2) to include credit card receivables, but not "an assignment of a right represented by a judgment").

26. The Letter was thus false and misleading, in that the "account" referenced therein did not exist.

27. Because of the reference to an "account" instead of a judgment, the Letter would induce an unsophisticated consumer to believe that the debt at issue, which is thousands of dollars more than the judgment amount entered over twelve years earlier, was a separate debt unrelated to the judgment.

28. An unsophisticated consumer, when receiving a letter sent by a law firm such as that received by Plaintiff, could be induced to pay a debt to avoid what he would

think is the possibility of being sued again, being hailed into court again, and having to pay an attorney to defend a collection action to avoid judgment, when in fact a judgment has already been entered.

29. In connection with attorney Mario Kasalo's efforts to determine the origin of the alleged "account" referenced in the Letter, attorney Kasalo placed a telephone call to Resurgence in connection with the alleged debt.

30. On March 16, 2018, attorney Kasalo called Resurgence via its telephone number, 877-440-0860, and was connected to an agent or employee of Resurgence who identified himself as "Herman".

31. During the course of the conversation that ensued with Herman regarding the alleged debt, Herman informed attorney Kasalo that the "account" was, in fact, the judgment entered in the State Action.

32. During the course of the conversation that ensued with Herman regarding the alleged debt, Herman informed attorney Kasalo that "interest has been running since the judgment was originally entered" and the amount of the debt "is going to change on a daily basis".

33. During the course of the conversation that ensued with Herman regarding the alleged debt, Herman informed attorney Kasalo that the amount of the alleged debt is now $7904.81—having increased from the time the Letter was mailed just weeks earlier.

34. The alleged debt of $7889.93 is thus increasing daily due to the fact that interest is accruing at 9%.

35. The Letter failed to identify that the alleged debt consisted of a judgment.

36. The Letter failed to state that the alleged debt would increase over time.

37. The Letter failed to state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

38. Defendants' failure to inform Plaintiff that interest increases the amount of the alleged debt, and/or that the balance increases every day, is misleading and deceptive. See *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 77 (2d Cir. 2016); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).

39. An unsophisticated consumer could decide to pay the amount stated on the Letter, thinking that his debt has been paid, only to find out later that he owes potentially hundreds of dollars more than he paid, because there was no deadline on the letter by which he was required to pay, and because he would not know that interest increases the amount of the alleged debt daily.

40. Upon information and belief, Resurgence was at all times authorized to act on behalf of Palisades to attempt to collect the alleged debt from Plaintiff.

41. Palisades is liable for the acts and omissions of Resurgence, committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016).

## COUNT I—CLASS COUNTS—RESURGENCE AND PALISADES

42. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

43. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**§1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

44. Defendants violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by:

> a. Misrepresenting the character and legal status of the debt by communicating the existence of an account, as the account referenced in the Letter ceased to exist in 2005.

> b. Failing to inform Plaintiff that interest increases the amount of the alleged debt daily, and that the debt is, in fact, not stemming from an account, but from a judgment

45. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of multiple classes.

46. Exhibit A is a form letter.

47. Class 1 consists of (a) all persons in Illinois (b) to whom Resurgence mailed the same form collection letter that it mailed to Plaintiff (Exhibit A) (c) on behalf of Palisades for the purpose of collecting a debt reduced to judgment in Illinois (d) where the letter refers to an account but does not reference a judgment (e) where the letter does not inform the person that interest is increasing and/or accruing daily, and (f) where the letter was mailed on or after March 17, 2017 and on or before March 31, 2018.

48. Class 2 consists of (a) all persons in Illinois (b) to whom Resurgence mailed the same form collection letter as that that mailed to Plaintiff (Exhibit A) (c) for the purpose of collecting a debt reduced to judgment in Illinois (d) where the letter refers to an account but does not reference a judgment (e) where the letter does not inform the person that interest is increasing and/or accruing daily, and (f) where the letter was mailed on or after March 17, 2017 and on or before March 31, 2018.

49. Plaintiff may alter the parameters of the classes to conform to discovery.

50. On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

51. There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants have a practice of collecting debts reduced to judgment in Illinois that they attempt to collect as "accounts";

    b. Whether Defendants have a practice of collecting debts reduced to judgment in Illinois where, in connection with the collection of the judgments, they fail to inform judgment debtors that their debts are increasing daily due to accrued interest.

52. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

53. Plaintiff will fairly and adequately represent the members of the classes. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

54. Each Class consists of more than 40 persons from whom Defendant(s) attempted to collect defaulted consumer debts, by mailing the type of Letter that was mailed to Plaintiff.

55. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in Plaintiff's favor and in favor of each class, and against Defendants for:

a. Statutory damages;

b. Any actual damages incurred by class members;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff, on behalf of a class, demands a trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo