1

<pre>
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3
     IOAN SAS,                        )
 4                                    )
                      Plaintiff,      )
 5                                    )
                                      )
 6   -vs-                             )  Case No. 18 C 1949
                                      )
 7                                    )  Chicago, Illinois
     RESURGENCE LEGAL GROUP, PC, et   )  January 23, 2019
 8   al.,                             )  9:13 a.m.
                                      )
 9                    Defendants.     )

10
                            TRANSCRIPT OF PROCEEDINGS
11             BEFORE THE HONORABLE JOHN J. THARP, JR.

12   APPEARANCES:

13   For the Plaintiff:     THE LAW OFFICE OF M. KRIS KASALO, LTD.
                            BY:  MR. MARIO KRIS KASALO
14                          20 North Clark Street
                            Suite 3100
15                          Chicago, IL 60602

16   For the Defendant:     ACTUATE LAW LLC
                            BY:  MR. MARTIN T. TULLY
17                          641 West Lake Street
                            5th Floor
18                          Chicago, IL 60661

19

20

21

22
     Court Reporter:        KELLY M. FITZGERALD, CSR, RMR, CRR
23                          Official Court Reporter
                            United States District Court
24                          219 South Dearborn Street, Room 1420
                            Chicago, Illinois  60604
25                          Telephone:  (312) 818-6626
                            kmftranscripts@gmail.com
</pre>

1      (Proceedings heard in open court:)

2           THE CLERK:  Sas v. Resurgence, 18 CV 1949.

3           MR. KASALO:  Good morning, Your Honor.  Mario Kasalo

4   on behalf of plaintiff and the class.

5           MR. TULLY:  Good morning, Your Honor.  Martin Tully

6   on behalf of the defendants.  That's T-u-l-l-y.

7           THE COURT:  Good morning.

8           All right.  Before we get to the pending motion to

9   compel, what's the status of things generally?

10           MR. KASALO:  Your Honor, since the last status

11   hearing, Palisades responded to discovery, and we had a

12   Rule 37 conference.  And we've resolved some issues, but

13   resolution of the other issues I think turns on Your Honor's

14   ruling on the discovery issues as to Resurgence because

15   they're the same issues; in other words, you know, we've

16   requested from Palisades as well a copy of the agreements at

17   issue between Resurgence and whoever hired Resurgence,

18   information as to the amount of debt on various dates, a copy

19   of the purchase agreement, and these are all issues pending

20   before the Court.

21           THE COURT:  All right.

22           Mr. Tully?

23           MR. TULLY:  Good morning, Your Honor.

24           Obviously we're still waiting on the Court's ruling

25   on the motion to compel.  That's fully briefed.  Counsel is

1    correct with respect to the Rule 37 conference.

2              Where we're at, I don't know if the Court wants to

3    talk about going forward here in terms of the completion of

4    the fact discovery and oral discovery, but we would be happy

5    to address that as well.

6              THE COURT:  All right.  So when you say you've

7    resolved some issues, the issues that were presented in the

8    motion to compel, however, are still outstanding?

9              MR. KASALO:  Two of them have been resolved,

10   Your Honor.  Recordings have been provided, and a corrected

11   certificate of service has been provided.  All of the other

12   issues remain.

13             THE COURT:  All right.  Well, having read the briefs,

14   I am very much of the view that the motion is meritorious.

15   The information that's being sought I think is relevant.  Some

16   of the arguments in opposition, quite frankly, border on the

17   frivolous.  I mean, the idea that because something is going

18   to an affirmative defense and the defendant has the burden of

19   proof on an affirmative defense so doesn't need to provide

20   discovery is not a tenable position.  The plaintiff certainly

21   has the right to discovery relating to affirmative defenses

22   that have been asserted by the defendant.

23             So in asserting a good faith defense, that brings the

24   issues that have been identified by the plaintiff into play.

25   And I think specifically the information that they're looking

1  for is relevant.  The identity of the entity that hired

2  Resurgence is discoverable.  The complaint alleges

3  specifically that Resurgence sent a letter saying they had

4  been engaged by Palisades Collections, LLC, yet, you know, to

5  the extent that in the answer Resurgence denies that it hired

6  Palisades Collections, LLC, the plaintiff has the right to

7  discover that.  That's potentially a false statement that was

8  sent -- is alleged to have been sent to the plaintiff.  I just

9  can't understand the argument that that's not relevant.

10        The amount of the alleged debt on various dates is

11  relevant.  I understand that that general concept is not

12  stipulated or is not contested, and the response seems to be

13  willing to stipulate.  If Resurgence is agreeing that that

14  element has been satisfied and that you will be estopped from

15  contesting that aspect of the claim, then I think we can moot

16  the discovery relating to what it was on a specific date other

17  than as may ultimately be necessary to determine a judgment or

18  something.

19        So am I understanding that correctly, Mr. Tully?

20  You're not contesting that the amount was going to keep

21  increasing by virtue of the interest in the dates?

22        MR. TULLY:  That is correct, Your Honor.

23        THE COURT:  Okay.  Then I'm going to accept that as a

24  representation, and that's off the table as an issue that

25  could be contested by the defendant.  So on that ground, I

1 don't think you need particular calculations on particular

2 dates.

3       The agreement between the parties I think is put into

4 play by the good faith defense, so that must be produced.  You

5 say the tape recording has been produced already.

6       And the material that's sought by 5, 6, 11 and 16, to

7 the extent they have not been produced need to be produced.

8 It's not, you know, all documents.  It's all documents that

9 pertain to the rules and regulations and procedures that are

10 used by Resurgence and that are going to be used by Resurgence

11 to buttress any affirmative defense.  So I think all of that

12 is relevant and in play.

13       So the relief requested in the motion, full,

14 unredacted production responses to request 5, 6, 11, 12 and

15 16, is granted; full interrogatory responses to No. 2 and 11

16 is granted.

17       And I don't think we should have been here.  I'm

18 going to grant the request for reasonable costs.  You can

19 submit that within your request for costs and fees associated

20 with the motion within 14 days.

21       Plaintiff -- or excuse me  -- the defendant can

22 respond to that within 14 days, and I'll determine the

23 appropriate amount based on those briefs.

24       The productions that are required by those -- by this

25 ruling must also be complete within 14 days.  And I'm going to

1   also require the defendant to certify its production as

2   complete based on information and diligent search up to that

3   point in time along with the production.

4           All right.  So where does that leave us?

5           MR. KASALO:  It leaves us with depositions,

6   Your Honor, and obviously we want to get the discovery

7   responses first before we go into that.  I know Your Honor

8   wanted to deal with the merits first and then deal with class

9   issues later.  I'm wondering how we should deal with that with

10  respect to depositions and to keep it efficient.

11          THE COURT:  Well, I have to say I did look into

12  further this --

13          MR. KASALO:  Rule against one-way intervention?

14          THE COURT:  Yeah, the one-way intervention rule,

15  which was really the first time this has come up.  You know,

16  we frequently bifurcate discovery and try to focus on the

17  merits, whatever.  So reading some cases on this rule, in

18  fact, cases acknowledge that the rule is frequently ignored,

19  but that's not a reason to ignore it.  It's just a statement

20  of fact.  And I've certainly ignored it in the past, but it's

21  a valid concern and a valid rule.

22          So it definitely I think warrants reconsideration of,

23  you know, the view that I had.  I still think as a matter of

24  efficiency that it makes sense to make a determination of

25  something that's, in all likelihood, a legal issue, but I

1 | understand the arguments that give rise to the rule. And the

2 | Seventh Circuit has clearly indicated that that is a process

3 | and something that should be respected.

4 | So from the standpoint of how we're going forward

5 | going forward, I think my suggestion that let's focus on just

6 | the question of whether the letter itself is misleading or,

7 | you know, false in some respects is overly narrow, and I think

8 | we've got to proceed on all fronts at this juncture.

9 | MR. TULLY: Your Honor, on that point, and I

10 | understand what your reaction was in looking into the issue,

11 | counsel for plaintiff has requested whether Resurgence and

12 | Palisades would not object to any class certification on the

13 | basis of the rule against one-way intervention, and we've

14 | already communicated to counsel for plaintiff that Resurgence

15 | has no objection. We're still waiting to hear affirmatively

16 | from the other defendant, Palisades. But we don't expect that

17 | will be an issue, so I just wanted to share that with the

18 | Court to the extent that it factors into your perspective.

19 | And while you are thinking, what we were planning on

20 | doing in terms of depositions is the only one I believe we

21 | need is the plaintiff. I can't speak for plaintiff's counsel.

22 | Our goal was to take about 90 days to complete oral fact

23 | discovery and then brief summary judgment to find out, as the

24 | Court had previously told us, whether or not there is a claim

25 | here. We're not looking to drag this out for a long extended

8

1  period of time.

2  THE COURT:  What's your view of that, Mr. Kasalo?

3  MR. KASALO:  Well, I think the fact is we still do

4  need to serve discovery requests as to the class issues if

5  we're going to go forward, so it would take 90 days.

6  I know that one defendant hasn't agreed to waive

7  objections on the basis of the rule against one-way

8  intervention.  I mean, ultimately, you know, I think it would

9  be more economical to wrap it up all at once as opposed to

10  bifurcating.  That would be our position, Your Honor, just

11  because I think the issues are very simple.  Basically we have

12  two issues, I think:  Numerosity and net worth.  And this

13  certainly isn't complicated.  I don't think it warrants

14  extending discovery by many months or bifurcating it.

15  THE COURT:  Well, that was the other thing we talked

16  about is sort of, you know, the underlying assumption of this

17  whole thing was that, you know, class discovery we might not

18  need to do.  But if class discovery isn't particularly

19  burdensome in any event, then, you know, that is another

20  relevant consideration.

21  What do you anticipate that you're going to need in

22  the way of class discovery?

23  MR. KASALO:  Information as to net worth and

24  information as to how many people are in the class.

25  THE COURT:  Which would be --

1          MR. KASALO:  And obviously --

2          THE COURT:  -- paraphrasing everybody that got this

3    letter or a variant of this letter based on their -- and,

4    Mr. Tully, when you say you're not objecting, are you not

5    objecting on behalf of both defendants, or --

6          MR. TULLY:  We communicated that fact with respect to

7    Resurgence.  I don't expect that there will be an issue with

8    respect to Palisades as I stand here today, though I do not

9    have confirmation from the client in order to make that

10   representation.  I expect that we will, but since I don't have

11   it, I can't make that representation right now.

12         THE COURT:  All right.  Well, I'll tell you what

13   let's do.  Let's get the documents finished up pursuant to my

14   order.

15         In that same period, I want the parties to confer and

16   be prepared to come back in, you know, in roughly 14 days and

17   give me some concrete, hopefully agreed, process.  But if it's

18   not agreed and you can't come to terms on how we ought to

19   proceed for the rest of the discovery process and, you know,

20   dealing with class cert, then be prepared to tell me what your

21   respective positions are.  And I'm, in the meantime, going to

22   look a bit more at this one-way intervention issue.

23         And we'll reconvene let's say -- if we're going to

24   have that in 14 days, let's set another status in about 21

25   days, Alberta.

10

1    THE CLERK:  February 13th at 9:00.

2    MR. KASALO:  That's fine.

3    MR. TULLY:  That should be nine -- that should be

4  fine, Your Honor.

5    THE COURT:  Okay.  By that time we should have the

6  documents done.  You will have conferred.  Maybe there will be

7  agreement; maybe there won't.  I'll study up, and we'll make a

8  call at that point.

9    MR. TULLY:  Understood.  May I make a quick request,

10  Your Honor?  I was trying to catch up with my calendar while

11  you were speaking.  I know that trial counsel is traveling

12  that week.  If there is any chance we could extend the 14 days

13  to 21 and then set the status outside of that?  Just to

14  accommodate the travel schedule.

15    THE COURT:  Are you talking about for --

16    MR. TULLY:  Just an additional week, Your Honor.

17    THE COURT:  For?

18    MR. TULLY:  Both deadlines, both days; the status, as

19  well as I understand it, the parties are to confer on the

20  issues you described within 14 days.

21    THE COURT:  All right.  Yes.  I'm not changing the

22  date for the production of the documents.

23    MR. TULLY:  Oh, understood.  I'm simply talking about

24  our meet and confer with respect to the discovery plan, class

25  cert.

1      THE COURT:  Okay.  21 days, and then February 20th,

2   does that work?

3      MR. KASALO:  That's fine for plaintiff.

4      MR. TULLY:  Yes.  Thank you, Your Honor.

5      THE COURT:  All right.  I'll see you then.

6      MR. KASALO:  Thank you, Your Honor.

7      MR. TULLY:  Thank you, Your Honor.

8    (Which were all the proceedings heard.)

9

10                   CERTIFICATE

11   I certify that the foregoing is a correct transcript from

12   the record of proceedings in the above-entitled matter.

13   */s/Kelly M. Fitzgerald*              *February 1, 2019*

14   _____        _____
     Kelly M. Fitzgerald                     Date
15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25