IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IOAN SAS,<br>Individually and on behalf of a class, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Honorable John J. Tharp, Jr. |
| vs. | )<br>) | |
| RESURGENCE LEGAL GROUP, PC<br>and PALISADES COLLECTIONS, LLC, | )<br>)<br>)<br>) | Case No. 18cv1949 |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO APPROVE ATTORNEY FEES AND COSTS**

Plaintiff Ioan Sas, by and through his attorneys, The Law Office of M. Kris Kasalo, Ltd., respectfully moves this Court to enter an order approving reasonable attorney fees and costs relating to obtaining an order on Plaintiff's Motion to Compel, Dkt.#45. In support of this motion, Plaintiff states:

1. This case is filed under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and is based upon the mailing to Plaintiff of a collection letter by Resurgence Legal Group, PC, on behalf of Palisades Collections, LLC. Plaintiff alleges the letter violates the FDCPA because it seeks to collect a judgment that it does not refer to as a judgment but rather as an "account", but does not state that the amount is increasing daily due to interest, and/or that the amount that is due at a future date will be greater than the amount due stated on the letter. The letter thus runs afoul of the safe harbor provision set out in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), and violates section 1692e of the FDCPA; see also *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 74 (2d Cir. 2016)

1

(holding that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance that is increasing, to disclose that the balance may increase due to interest and fees.).

2.  On September 17, 2018, Plaintiff served discovery requests upon Resurgence Legal Group, PC ("Resurgence"), including Interrogatories, Requests to Admit and Requests to Produce.

3.  On November 5, 2018 Plaintiff's counsel Mario Kasalo engaged in a discovery conference with defense counsel Jeffrey Hansen regarding the tardy responses.

4.  On the afternoon of November 5, 2018, Resurgence finally served its responses and objections to Plaintiff's requests to produce and interrogatories, but provided no documents responsive to Plaintiff's request to produce.

5.  As a result of Defendant's failure or refusal to provide responses, on November 13, 2018, counsel for Plaintiff Mario Kasalo again engaged in a second telephonic discovery conference with Defendant's attorney Jeff Hansen regarding the adequacy of Resurgence's discovery responses, and the documents that were still being withheld by Resurgence.

6.  Despite repeated attempts to resolve differences as to the discovery responses served by Resurgence, Resurgence refused to provide, in response to interrogatory requests served by Plaintiff: the name of the entity that hired Resurgence to collect the debt and the balance of the debt on various dates after the letter was mailed.

7.  Similarly, Resurgence refused to provide, in response to production request served by Plaintiff: a copy of the retainer agreement between itself and its client, electronic voice recordings between Resurgence and Plaintiff/his attorneys that relate to the collection of the alleged debt, written policies and procedures that it asserts were adapted to prevent the violations

asserted, "Full, unredacted copies of the Assignment, forward flow agreement, Bill of Sale, Credit Card Account Purchase Agreement and any other document that relates to the sale of the "account" that is referenced in Exhibit A from First USA Bank, N.A. and/or Bank One, Delaware NA, to Palisades Collection, LLC", and each document that supports any affirmative defense maintained by Resurgence.

8. Resurgence also refused to provide a certificate of service that accurately provided the date upon which it served discovery responses, as the certificate of service it provided to Plaintiff's counsel, on November 5, 2018, falsely stated that it served its responses on October 17, 2018.

9. On December 10, 2018, after being unable to resolve differences as to discovery with counsel for Resurgence, Plaintiff filed his Motion to Compel, which consisted of 13 pages plus Exhibits. (Dkt. #45).

10. On December 13, 2018, the parties appeared at a presentment hearing on Plaintiff's Motion, wherein defense counsel informed the Court that Defendant would respond in writing to the Motion. (Dkt. #47).

11. On December 20, 2018, Defendant filed its Response to Plaintiff's Motion to Compel. (Dkt. #48).

12. Thereafter, Defendant filed a "corrected" Response to Plaintiff's Motion to Compel. (Dkt. #49).

13. On January 11, 2019, Plaintiff filed a Reply to Defendant's Response to Plaintiff's Motion to Compel. (Dkt. #51).

14. On January 23, 2019, the Court held a hearing on Plaintiff's Motion to Compel and granted the relief sought by Plaintiff. Specifically, the Court ordered Defendant to provide

the following information and documents that it found were discoverable: the name and contact information of its client, the collection/retainer agreement between Resurgence and its client, the purchase agreements, bills of sale, forward-flow agreements, etc. that relate to the purchase of the alleged debt, telephonic recordings that relate to the debt collection, policies and procedures that Defendant asserts are adapted to prevent the violations alleged, and documents that Defendant asserts support its affirmative defenses. (Exhibit A, Transcript of hearing held on January 23, 2019; Dkt. #53).

15. On January 23, 2019, the Court also granted Plaintiff's motion for reasonable attorney fees and costs associated with obtaining the Order on Plaintiff's Motion to Compel. (Dkt. #53).

16. As a prevailing party on a motion to compel, Plaintiff is entitled to recover reasonable expenses and attorneys' fees incurred in obtaining the order under Rule 37(a)(5)(A), which provides that if a motion to compel is granted, the Court must order the nonmoving party to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A); *Rickels v. City of S. Bend, Ind*., 33 F.3d 785, 786 (7th Cir. 1994).

17. Plaintiff has incurred costs in the amount of $66.55, and attorney fees in the amount of $10,290.00, for a total of 25.0 total attorney hours: 13.4 hours billed at an hourly rate of $400.00 for attorney Kasalo's work to December 31, 2018, and 11.6 hours billed an hourly rate of $425.00 for work performed thereafter. (Exhibit B, Declaration of Mario Kasalo).

**PLAINTIFF'S FEES AND COSTS ARE REASONABLE**

**A.** <u>**Plaintiff's Counsel's Hourly Rate is Reasonable**</u>

18. This court must first determine whether the hourly rates Plaintiff seeks for his attorney is reasonable. The preferred method to determine a reasonable hourly rate is the

attorney's actual billing rate for comparable work. *Pickett v. Sheridan Health Care Ctr*., 664 F.3d 632 (7th Cir. 2011). If the actual billing rate is difficult to ascertain, the "next best method" is for this court to look to what other courts have previously awarded in fees in similar cases and to consider affidavits from other attorneys in the relevant market of comparable skill, experience, and reputation describing their hourly rates. *Soleau v. Ill. Dep't of Transp*., No. 09 CV 3582, 2011 U.S. Dist. LEXIS 64814, 2011 WL 2415008, at *2 (N.D. Ill. June 9, 2011). Once a fee applicant presents sufficient evidence to demonstrate the reasonableness of his or her hourly rate, the burden then shifts to the opposing party to present evidence that a lower rate is more appropriate. *Gautreaux v. Chi. Hous. Auth*., 491 F.3d 649, 659-60 (7th Cir. 2007). If a fee applicant fails to meet the burden of establishing his or her own market rate, this court has the authority to independently set the reasonable hourly rate. *Golden v. City of Chi*., No. 13 CV 1477, 2015 U.S. Dist. LEXIS 189657, at *7-8 (N.D. Ill. Aug. 27, 2015).

19. "While each court should certainly arrive at its own determination as to a proper fee, rates awarded in similar cases are clearly evidence of an attorney's market rate." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1312 (7th Cir. 1996).

20. Plaintiff's attorney Mario Kasalo's practice consists largely of contingent-fee FDCPA litigation, thus the "next best method" of determining a reasonable hourly rate should be applied. This requires courts to look to what other courts have previously awarded in fees in similar cases and to consider affidavits from other attorneys in the relevant market of comparable skill, experience, and reputation describing their hourly rates.

21. In this case, Kasalo billed an hourly rate of $400 for work performed up to December 31, 2018, and billed an hourly rate of $425 thereafter. Notably, attorney Kasalo has billed the hourly rate of $400.00 in FDCPA cases since November 1, 2015, and only raised it to

5

$425 on January 1, 2019 after over three years at a $400.00 hourly rate. Attorney Kasalo's hourly rate is supported by the fact that he has been practicing consumer law for over 11 years, having filed and resolved over 320 FDCPA cases in this District and others since 2007—both for individual and class claims. (Exhibit B, Declaration of Mario Kasalo). Attorney Kasalo's hourly rate of $400 has been approved in the following similar FDCPA cases: *Amy Gregory v. Arthur B. Adler & Associates, Ltd.*, Case No, 12cv7351 (J. Norgle) where judgment was entered in favor of the plaintiff in that case after a jury trial was held in the United States District Court, Northern District of Illinois, Eastern Division, (Dkt.# 119 in Case # 12cv7351); *Ana Cruz v. NCEP, LLC*, Case No. 15cv9282, (Dkt. #62, 63 in Case # 15cv9282, N.D. Ill.); *Elseweifi v. Cedars Financial*, Case No. 16cv8684, N.D. Ill. (Dkt. #14-16); *Jane Bishop Lillegard v. Unifund CCR, LLC et al*, Case No, 16-cv-8075 (J. Lee, N.D. Ill.) (Dkt.#125, 128); *Lill v. Kovitz Shifrin Nesbit*, Case No. 14-cv-2647 (N.D.IL) (Dkt. #138). (Exhibit B, Declaration of Mario Kasalo). As attorney Kasalo's previous $400 hourly rate has been approved by multiple Judges in this District for the very same type of work performed herein, the rate is reasonable and should be awarded.

      22.      With respect to attorney Kasalo's most recent hourly rate of $425 billed for work performed after December 31, 2018, this rate is similarly reasonable and should be applied, as Kasalo raised his hourly rate by merely $25.00 after having billed a rate of $400.00 for over three years prior to the increase. As Kasalo's reputation, ability and skill in connection with litigation of FDCPA cases has increased substantially during the course of the 67 FDCPA cases he filed and/or litigated on behalf of consumers between his last hourly rate increase on November 1, 2015, and January 1, 2019, this increase is justified. See *Fox ex rel. Fox v. Barnes*, 2013 U.S. Dist. LEXIS 115280, 2013 WL 4401802, at *3 (N.D. Ill. Aug. 15, 2013) (stating "Indeed, hourly fees often increase over time, both because of inflation and because of the

increasing skill and reputation of the attorney. . . ."); See also *Farooq v. Portfolio Recovery, LLC*, No. 15 C 6106, 2016 U.S. Dist. LEXIS 66180, at *7-8 (N.D. Ill. May 19, 2016) (same).

23. As stated, this court should also consider affidavits from other attorneys in the relevant market of comparable skill, experience, and reputation describing their hourly rates. *Soleau*, 2011 WL 2415008, at *2. As evidenced by the Declarations of Michael J. Wood and Mohammed Badwan, Kasalo's hourly rates of $400.00 and $425.00 that have been billed in connection with Plaintiff's Motion to Compel are consistent with the hourly rates charged by attorneys in this District for comparable work in FDCPA cases. (Exhibit B, Declaration of Mario Kasalo; Exhibit C, Declaration of Michael Wood; Exhibit D, Declaration of Mohammed Badwan).

**B. The Hours Expended and Costs Incurred by Plaintiff's Counsel are Reasonable**

24. In calculating an attorneys' fee award, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)).

25. Moreover, Plaintiff is entitled to recover the fees and costs associated with preparing the briefs relating to the instant request for fees. *Holmstrom v. Metro. Life Ins., Co.*, No. 07-CV-6044, 2011 U.S. Dist. LEXIS 58766, 2011 WL 2149353, at *8 (N.D. Ill. May 31, 2011) (citing *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980).

26. Notably, in this case, the Court held that each discovery request served by Plaintiff that Defendant objected to and/or refused to provide was for information and/or documents held by the Court to be discoverable, and the Court noted that "Some of the

arguments in opposition, quite frankly, border on the frivolous." (Exhibit A, Transcript of hearing held on January 23, 2019, p. 3, l. 13-17).

27. The reasonableness of Plaintiff's attorney fees and costs are supported by Kasalo's Declaration and attachment submitted herewith. (Exhibit B, Declaration of Mario Kasalo). The reasonableness of Plaintiff's attorney fees and costs is also supported by the Declarations of attorneys Wood and Badwan, attached as Exhibits C and D, respectively.

28. Plaintiff incurred $66.55 in costs (Exhibit A, Transcript of hearing held on January 23, 2019, See Invoice attached thereto) and Plaintiff's counsel billed fees in the amount of $10,290.00, all reasonably incurred in obtaining and resolving the Order granting Plaintiff's Motion to Compel on entered on January 23, 2019. (Dkt. #53) (Exhibit B, Declaration of Mario Kasalo). The amount of $10,356.55 thus reflects the total amount of attorney fees and costs incurred and sought.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order that Defendant Resurgence Legal Group, PC pay Plaintiff $10,356.55 in reasonably incurred costs and attorney fees, and for all other just and proper relief.

    Respectfully submitted,

    Ioan Sas,

    By: /s/ Mario Kris Kasalo
    Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, hereby certify that on February 6, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: February 6, 2019**              Respectfully submitted,

                                            By: /s/ Mario Kris Kasalo
                                            Mario Kris Kasalo